IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

DANIEL SKELLEY,

      Plaintiff,

v.                            Civ. Action No. 1:19-CV-2

FEDEX CORPORATE SERVICES, INC., and
FEDEX GROUND PACKAGE SYSTEM, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]

Pending before the Court is *Defendant FedEx Ground Package System, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6)* [ECF No. 4]. The Motion is now fully briefed and ripe for consideration. On April 23, 2019, the Court held a hearing on the Motion. For the reasons discussed below and the reasons listed by the Court at the hearing, the Court **GRANTS** the Motion.

## I.   BACKGROUND

The following facts are drawn from the Complaint. For purposes of the Motion to Dismiss filed by FedEx Ground Package System, Inc. [ECF No. 4], they are regarded as true.

Plaintiff Daniel Skelley ("Skelley") filed a one-count complaint against FedEx Corporate Services ("FedEx Corporate Services") and FedEx Ground Package System, Inc. ("FedEx Ground"),

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]**

alleging wrongful discharge under <u>Harless v. First National Bank of Fairmont</u>, 246 S.E.2d 270 (1978). <u>See</u> <u>Compl. at ¶ 4(a)</u>.[1] FedEx Corporate Services and FedEx Ground are separate subsidiaries of FedEx Corporation. <u>¶ 10</u>. In 1997, Skelley was hired by Roadway Package System, Inc. (known as "RPS"), which was acquired by FedEx in 1998. <u>¶ 15</u>. Skelley eventually became an employee of FedEx Corporate Services and remained employed by FedEx Corporate Services from 2005 to 2016. <u>¶ 13, 15</u>. In 2005, Skelley took over responsibility for a "significant customer" called Your Kentucky Tobacco Resource, Inc. ("YKTR"). <u>¶ 17</u>. FedEx Corporate Services and FedEx Ground had shipped cigarettes for YKTR since 2002. <u>Id.</u>

In the early 2000s, New York City and New York State (the "New York Plaintiffs"), along with the New York Attorney General, were investigating companies -- including FedEx -- for violations of cigarette excise tax laws. <u>¶ 34</u>. The New York Plaintiffs had imposed an excise tax on cigarettes possessed for sale or use in the State or City of New York. <u>¶¶ 27–33</u>. It was illegal for cigarette retailers to ship cigarettes directly to consumers. <u>Id.</u>

Around 2005 and 2006, Skelley began to inquire within the FedEx organization about the propriety of shipping cigarettes for YKTR in light of legal issues facing FedEx and other common

_____

[1] The Complaint is located at ECF No. 3-1 in CM/ECF.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**
**BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]**

carriers. ¶ 18. In February 2006, FedEx entered into an Assurance of Compliance ("AOC") with the New York Attorney General, agreeing to a number of terms, including compliance with New York laws moving forward. ¶ 36. In response to Skelley's inquiries within FedEx, he was told that as long as FedEx Corporate Services complied with the FedEx "tariff," the shipments would be acceptable. ¶ 18.

In December 2013, law enforcement officers discovered evidence that YKTR was illegally shipping packages to consumers in New York via FedEx. ¶ 41. The city of New York then filed a lawsuit against FedEx, alleging violations of federal laws, state laws, and later, via amendment, breach of the AOC. ¶ 42. By 2016, the New York Plaintiffs had filed a series of lawsuits (starting in 2013) against FedEx Ground, seeking hundreds of millions of dollars in damages, over the alleged illegal shipment of cigarettes by FedEx Ground. ¶ 58.

In 2016, management at FedEx Corporate Services informed Skelley that the New York Plaintiffs wanted to depose him. ¶¶ 60, 62. He was instructed to meet with two in-house FedEx lawyers in Pittsburgh to "prepare" for the deposition. Id. On October 11, 2016, Skelley met with the lawyers and told them the following:

- that Skelley had inherited the YKTR account in 2005;

- that FedEx Corporate Services and FedEx Ground were shipping cigarettes for YKTR;

- that YKTR told Skelley it was shipping only to legally authorized customers;

- that Skelley had received minimal guidance on dealing with these issues; and

- that Skelley had made inquiries within the company about what, if anything, needed to be done to manage the account differently in light of the legal issues facing FedEx.

¶ 63.

Skelley was fired on November 22, 2016. ¶¶ 70-72. The only explanation he received was that it had something to do with the YKTR account. ¶ 72. Skelley was told that the reasons for the termination could not be explained due to the pending lawsuit by the New York Plaintiffs. Id. Skelley argues that he was qualified for his position, that he had been performing his duties according to his employer's expectations, and that he had been performing his duties in a satisfactory manner. ¶¶ 83-84. He believes he was wrongfully discharged because of what he said at the meeting in Pittsburgh. ¶ 87. He believes the Defendants were fearful of Skelley's incriminating testimony about them in the New York lawsuit. Id. Furthermore, he believes he was wrongfully discharged for inquiring about an employer's potentially breaking the law.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]

¶ 91. As such, Skelley asserts a <u>Harless</u> claim for wrongful discharge against both FedEx Corporate Services and FedEx Ground.

## II.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 942, 952 (4th Cir. 1992).

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]

### III. <u>DISCUSSION</u>

FedEx Ground believes the claim against it should be dismissed because only employers can be held liable under <u>Harless</u>, and FedEx Corporate Services -- not FedEx Ground -- was Skelley's employer. In response, Skelley argues that FedEx Ground can be liable under <u>Harless</u> because FedEx Ground carried significant weight with the discharge. Skelley argues that because <u>Harless</u> is a tort claim, tort principles such as aiding and abetting can and should apply. He believes this is consistent with principles of interpretation under the West Virginia Human Rights Act and Title VII of the Civil Rights Act of 1964.

Because this Court is sitting in diversity jurisdiction, it applies West Virginia law.[2] In <u>Harless v. First National Bank</u>, 246 S.E.2d 270 (W. Va. 1978), the Supreme Court of Appeals of West Virginia (the "Supreme Court of Appeals") created an exception to the general principles governing at will employment when it found the following:

> [T]he rule giving the employer the absolute
> right to discharge an at will employee must be
> tempered by the further principle that where
> the employer's motivation for the discharge
> contravenes some substantial public policy

---

[2] <u>See</u> <u>Volvo Constr. Equip. N. Am. v. CLM Equip. Co., Inc.</u>, 386 F.3d 581, 599–600 (4th Cir. 2004) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 79 (1938)) ("A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits.").

> principle, then the employer may be liable to
> the employee for damages occasioned by the
> discharge.

Harless, 246 S.E.2d at 275. This cause of action has often been

characterized as a claim for retaliatory or wrongful discharge.

See Harless v. First Nat'l Bank, 289 S.E.2d 692, 694 (W. Va. 1982)

(commonly referred to as "Harless II").

Later, in Hurley v. Allied Chemical Corp., 262 S.E.2d 757 (W.

Va. 1980), the Supreme Court of Appeals found that an employment

relationship is necessary in order to assert a Harless claim:

> In Harless, we dealt with what may be termed
> the retaliatory discharge rule, where an at
> will employee is fired because he has
> exercised some substantial public right which
> his employer has attempted to frustrate or
> avoid. **An essential ingredient for the cause
> of action is an existing employment
> relationship between the parties.** In the
> present case, Hurley did not occupy any
> employment status with Allied and, therefore,
> Harless is inapplicable.

Hurley, 262 S.E.2d at 759 (emphasis added). Finally, in Harless

II, the Supreme Court of Appeals that found a supervisor -- working

under the same employer -- could also be liable under Harless. See

Harless, 289 S.E.2d at 699. The court noted his "supervisory

position over the plaintiff" and "evidence that directly linked

him as an adversary in the central controversy." Id.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]

Federal courts in West Virginia have noted that the Supreme Court of Appeals has intentionally read Harless narrowly. See Baisden v. CSC-PA, Inc., No. 2:08-cv-01375, 2010 WL 3910193, at *5 (S.D.W. Va. Oct. 1, 2010) (writing that "the West Virginia Supreme Court of Appeals . . . has read Harless narrowly so as not to 'unlock a Pandora's box of litigation in the wrongful discharge arena'"); see also Wiley v. Asplundh Tree Expert Co., 4 F.Supp.3d 840, 847 (S.D.W. Va. 2014) (stating that "[t]his Court has previously declined to recognize a new type of Harless claim . . . because the West Virginia Supreme Court has interpreted Harless so narrowly"). The United States District Court for the Southern District of West Virginia, in finding that Harless claims do not extend to plaintiffs who are covered by collective bargaining agreements, wrote that "[a]ny expansion of the claim is best left to the West Virginia courts." Fugate v. Frontier W. Va., Inc., No. 2:17-cv-00559, 2017 WL 3065216, at *2 (S.D.W. Va. July 19, 2017). Finally, it is important to note that "federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion." St. Paul Fire & Marine Ins. Co. v. Jacobson, 48 F.3d 778, 783 (4th Cir. 1995).

Considering Skelley's argument in light of those principles, this Court declines the opportunity to "expand" Harless liability

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]**

here.[3] A proper <u>Harless</u> claim, as the law currently stands, is brought against an employer or an agent acting within the scope of his or her employment ***under the auspices of the same employer***. <u>See</u> <u>Hurley</u>, 262 S.E.2d at 759 ("An essential ingredient for the cause of action is an existing employment relationship between the parties."); <u>see also</u> <u>Harless II</u>, 289 S.E.2d at 699. As his Complaint makes clear repeatedly, there is no dispute that FedEx Corporate Services employed Skelley. <u>Compl</u>. at ¶¶ 7, 13, 15, 16, 19, 22, and 55. Thus, Skelley's <u>Harless</u> claim is only properly made against FedEx Corporate Services, not FedEx Ground or any other entity.

Skelley's urging that this Court look to the West Virginia Human Rights Act or so-called common law aiding and abetting is likewise misplaced. <u>Harless</u> actions are common law claims, not statutory claims. The Supreme Court of Appeals has yet to signal its willingness to borrow statutory language from the Human Rights Act (or any other statutory scheme for that matter) to extend liability for <u>Harless</u> claims outside the employer-employee relationship. Thus, this Court will not follow the path Skelley urges.

---

[3] "Expanding <u>Harless</u> liability" may be an understatement of Skelley's position as the Supreme Court of Appeals has been, in this Court's view, quite clear that <u>Harless</u> claims may only be asserted against a plaintiff's employer and, in certain circumstances, a supervisor working for the same entity.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]**

Furthermore, the Court finds Skelley's argument that common law aiding and abetting salvages his _Harless_ claim against FedEx Ground hollow. First, his Complaint contains no such cause of action or theory of recovery. In addition, the Supreme Court of Appeals has given no indication that such a theory would apply under _Harless_. To date, other than the employer, the Supreme Court of Appeals has only sanctioned _Harless_ claims against supervisors acting as agents of a mutual employer. See _Hurley_, 262 S.E.2d at 759; see also _Harless II_, 289 S.E.2d at 699. Without guidance to the contrary from the Supreme Court of Appeals, this Court, sitting in diversity, will not extend the current _Harless_ law to the ends Skelley suggests.

The Court notes that its application of _Harless_ and its progeny here does not insulate non-employers from liability altogether. Other claims, such as civil conspiracy and tortious interference, are available for a plaintiff seeking to hold a non-employer liable for its alleged tortious participation in his or her discharge where the cause of action against the employer does not provide a potential avenue for relief. The Court is not necessarily suggesting that those, or any other, claims are viable in this case. It is merely suggesting that other causes of action aside from _Harless_ are available for plaintiffs who believe a _Harless_-prohibited discharge also involved a non-employer, non-

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
BY FEDEX GROUND PACKAGE SYSTEM, INC. [ECF NO. 4]**

supervisor tortfeasor. Further, today's decision does not preclude Skelley from seeking appropriate discovery from FedEx Ground in this action.

### IV.  CONCLUSION

For the reasons stated above, FedEx Ground's Motion [ECF No. 4] is **GRANTED**. The Court **DISMISSES WITH PREJUDICE** the claim asserted against FedEx Ground in the Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: May 1, 2019.


/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE